UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: August 2nd, 2017

| IN RE: | CASE NO. 3:16-bk-30029 |
|---|---|
| DAVID ROBERT BUTLER and DARLA JEAN BUTLER, | CHAPTER 13 |
| Debtors. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER**

Pending is the motion to dismiss filed by David Robert Butler and Darla Jean Butler ("Debtors") on February 23, 2017 [Dckt. 64].

On March 15, 2017, the former Chapter 7 Trustee, Janet Smith Holbrook ("Trustee") objected to Debtors' motion to dismiss [Dckt. 68]. On May 11, 2017, the Trustee submitted a supplement of authority for the objection to Debtors' motion [Dckt. 75]. On May 18, 2017, the Debtors responded to the Trustee's supplement of authority [Dckt. 76].

This matter is ready for adjudication. The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

More than a year prior to filing a Chapter 7 bankruptcy case in January 2016, the Debtors took out a home equity line of credit in an attempt to catch up their bills and satisfy their debts. They deposited the proceeds into a savings account. During 2015, Debtor Darla Jean Butler became disabled. She took long-term disability through her employer. Ms. Butler's monthly long-term disability payment was less than her previous monthly income, causing a significant reduction in household income. It was at that point that the Debtors turned to the funds from their home

equity line to pay for living expenses. Ms. Butler has since been approved for Social Security disability benefits.

The change in income and an increase in medical expenses ultimately resulted in the Debtors filing a Chapter 7 petition on January 21, 2016. (Dckt. 1). The Debtors' schedules showed a balance of $28,001.28 in a bank account at Poca Valley Bank. (Dckt 68 at 1). The Debtors exempted $4,185.53 on Schedule C. (*Id.*). On March 8, 2016, the Trustee demanded the remaining amount, $23,815.75. (*Id.*). On July 5, 2016, the Debtors moved to convert the case to Chapter 13. (Dckt 32). The Court entered an order converting the case to Chapter 13 on July 25, 2016. (Dckt 38). On February 23, 2017, the Debtors moved to dismiss the case arising out of their failure to advance a confirmable plan. (Dckt 64). On March 15, 2017, the Trustee objected to the Debtors' motion to voluntarily dismiss the Chapter 13 petition. (Dckt 68).

The Trustee asserts that the motion to dismiss should be denied and the case should instead be converted to Chapter 7. (Dckt 68). The Trustee asserts that, under 11 U.S.C. § 1307(b), the Debtors no longer have the absolute right to dismissal. (Dckt 75 at 2). Further, the Trustee contends that, under § 1307(c), the requirements for conversion to Chapter 7 are met. (*Id.*). First, the Trustee states that the Debtors are not farmers, negating the exception proviso. (*Id.*). Second, the Trustee states that, in accordance with § 1307(c), she has requested the petition to be converted to a case under Chapter 7. (Dckt 75 at 3). Third, the Trustee contends that the Debtors have unreasonably delayed by failing to advance this case, resulting in prejudice to creditors who have waited for disbursements from the estate. (*Id.*). Fourth, the Trustee points out that the Debtors have not submitted a timely plan under 11 U.S.C. § 1321. (*Id.*). Last, as a result of the delays and failures, the Trustee contends that the Debtors have failed to commence making timely payments under 11 U.S.C. § 1326. (*Id.*). In sum, the Trustee asserts that to permit dismissal and then retention of nonexempt funds is inequitable, prejudicial, and not in the best interests of the creditors or the estate.

2

The Debtors disagree, asserting that the motion to dismiss should be granted inasmuch as there is no cause to convert and, assuming cause, conversion would not be in the best interests of the creditors and the estate. (Dckt. 76). The Debtors agree with the Trustee that the absolute right of dismissal does not apply given the earlier conversion. (*Id.* at 2). The Debtors add, however, that (1) there has been no unreasonable delay prejudicial to the interests of the creditors, (2) a plan was filed within the time allowed, with amended plans coming later in attempts to resolve impediments to confirmation, (3) they have heeded the directions and deadlines set by the Court, and (4) they have made timely payments. In sum, the Debtors assert that, assuming cause was shown, the creditors' interests would best be served by dismissing the case and allowing pursuit of their debts under state law.

## II.

**A.    Governing Standard**

Conversion or dismissal of a Chapter 13 bankruptcy case is governed by 11 U.S.C. § 1307. Section 1307(b) gives the debtor an absolute right to dismiss so long as the case has not been converted under 706, 1112, or 1208. Section 1307(c) provides that:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors; [or]
>
> …
>
> (3) failure to file a plan timely under section 1321 of this title; [or]
>
> (4) failure to commence making timely payments under section 1326 of this title.

11 U.S.C. § 1307(c).

Under 1307(c), courts utilize the "totality of the circumstances" test when determining whether to convert a case. *See Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994); *In re Love*, 957 F.2d 1350, 1355 (7th Cir. 1992); *In re White*, 542 B.R. 762, 771 (Bankr. E.D. Va. 2015); *In re Herndon*, 218 B.R. 821, 824 (Bankr. E.D. Va. 1998). The burden of proof rests with the movant. *See In re Love*, 957 F.2d at 1355; *In re White*, 542 B.R. at 771.

**B.     Analysis**

Having considered the entirety of the record, the Court concludes the Trustee has not demonstrated cause under § 1307(c). The Debtors have not unreasonably delayed the case. They have met all deadlines and procedures outlined by the Court. Further, they made timely payments and they are current. The Court is unable to infer "bad-faith" from the circumstances presented. Once the Debtors realized that there was no feasible plan to advance the case to confirmation, they moved to dismiss. The desire to protect assets in a way that the Code permits, without anything further, does not give rise to an inference of bad faith. It appears the creditors' interests would be best served by permitting pursuit of their remedies, if any, against the Debtors under state law.

Accordingly, it is ORDERED that the Debtors' motion to dismiss be, and hereby is, **GRANTED**.

The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.